IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**AUBREY MINOR,**
        **Plaintiff,**

vs.                                          Case No. 3:05cv457/LAC/MD

**TOM JOINER CORPORATION,**
        **Defendant.**

---

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, commenced this action on November 22, 2005 by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). He also filed an application to proceed *in forma pauperis* (doc. 2). Plaintiff did not submit any money for the filing fee at the time he submitted the complaint. The lone defendant named in this action is Tom Joiner Corp., identified by plaintiff as an FM radio company in Jacksonville, Florida. Plaintiff's allegations, which do not appear related to the named defendant, are difficult to discern, but in his statement of claim he appears to claim violations of the Geneva convention, in that he is precluded from privileges such as top medical care, and he suffers the authoritarian practices of bureaucratic manner, which is offensive to his cultural heritage and principles. He seeks $8.5 million in damages.

The court takes judicial notice of the following actions previously filed by plaintiff in the United States District Court for the Middle District of Florida that were dismissed as frivolous and for failing to state a claim upon which relief may be

granted: Case Numbers 3:98cv835/HES, 3:99cv329/RWN, and 8:01cv1638/SCB.[1] Plaintiff was incarcerated at the time he filed those cases.

The *in forma pauperis* statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)(2004). Plaintiff is well aware of this section as evidenced by his statements in the complaint and by the United States District Court for the Southern District of Florida's recognition of plaintiff's status as a "three striker." *Minor v. Florida Dep't of Corrections*, Case No. 1:00cv1390 (S.D. Fla. June 20, 2000).

By the time plaintiff brought the instant action, he knew that he had three strikes and could not proceed *in forma pauperis*. Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest he is under imminent danger of serious physical injury. Because plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed under § 1915(g). Leave should not be provided so that he can pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002).

Accordingly, it is respectfully RECOMMENDED:

That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g), and the clerk be directed to close the file.

At Pensacola, Florida this 7th day of December, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

---

[1] These cases may be positively identified as having been filed by plaintiff because they bear his DOC (Department of Corrections) number: 223757.

Case No: 3:05cv442/MCR/MD

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**